IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE WORNICK COMPANY, | ) CASE NO. 1:11-CV-391-SJD |
| Plaintiff, | ) |
| | ) CHIEF JUDGE SUSAN J. DLOTT |
| v. | ) |
| | ) **DEFENDANT HOUSTON CASUALTY** |
| HOUSTON CASUALTY COMPANY, | ) **COMPANY'S PROPOSED UNDISPUTED** |
| | ) **FACTS** |
| Defendant. | ) |
| | ) |

Pursuant to Chief Judge Dlott's Standing Order Governing Motions for Summary Judgment, Defendant Houston Casualty Company ("HCC") sets forth the following material facts, which it contends are undisputed:

1. One of Plaintiff the Wornick Company's ("Wornick") product lines is the Meals Ready to Eat ("MRE"), which it supplies to its customer, the U.S. Government and, in particular, the Department of Defense (collectively, the "U.S. Military"). (Compl. at ¶ 2; Ex. 1, at ¶¶ 4-5, 11 & 13.)

2. An MRE is an operational ration that includes dairy shake packets containing dry milk powder. (Compl. at ¶¶ 25-27; Ex. 1 at ¶ 5.)

3. Wornick purchased dairy shake packets for its MREs from Trans-Packers Services Corp. ("Trans-Packers"). (Compl. at ¶ 25; Ex. 4 at HCC00684; *see also* Ex. 3 at ¶ 5.)

4. Trans-Packers, in turn, purchased dry milk powder from Franklin Farms East, Inc. ("Franklin Farms"). (Compl. at ¶¶ 25-26; Ex. 4 at HCC00684.)

5. Franklin Farms purchased dry milk powder from Plainview Milk Products Cooperative ("Plainview"). (Compl. at ¶¶ 26-27; Ex. 4 at HCC00684.)

6. Dairy shakes manufactured by Trans-Packers between 2002 and 2009 were produced under the on-sight supervision of U.S. Government inspectors. (Ex. 1 at ¶ 15; Compl. at ¶¶ 28-30.)

7. On or about May 28, 2009, salmonella contamination was found in Lot #9133 of dairy shake powder at Trans-Packers' facilities in New York. (Wornick Resps. to HCC's First & Second Set Interrog. & Req. Admis., attached hereto as Ex. 2, at Resp. to Interrog. No. 19.)

8. After the finding, the FDA commenced an investigation, testing for salmonella contamination. (Ex. 1 at ¶ 17; Compl. at ¶¶ 31-32.)

9. The FDA found salmonella in one other place – on manufacturing equipment at Plainview's facilities in Minnesota. (Ex. 2 at Resp. to Interrog. No. 19.)

10. After salmonella was found on its manufacturing equipment, Plainview issued a voluntary recall on June 23, 2009 for dry milk products produced at its facility since June 4, 2007 (the "Plainview Recall"). (Ex. 2 at Resp. to Interrog. No. 19; Compl. at ¶ 34.)

11. On June 25, 2009, Franklin Farms issued a recall notice and sent it to Trans-Packers, one of its customers. (Compl. at ¶ 36.)

12. On June 26, 2009, Trans-Packers issued a recall notice to its customers, including Wornick. (Compl. at ¶ 37.)

13. After the Plainview Recall, Wornick's customer, the U.S. Military, notified Wornick of its intent to invoke a breach of warranty clause in its contract with Wornick. (Compl. at ¶ 42 & Ex. G (attached to Compl.).)

14. The U.S. Military demanded that Wornick assume all costs for recalling, shipping, removing, replacing, and reshipping approximately 700,000 MREs (including the dairy shakes they contained), which the U.S. Military had already purchased and received from Wornick. (Compl. at ¶ 45; Ex. 4 at HCC00683); Ex. 7; *see also* Ex. 6, at ¶ 3.)

15. Wornick complied with this demand and "recalled and re-worked" approximately 700,000 cases of MREs. (Compl. at ¶¶ 45-46; Ex. 4 at HCC00683; Ex. 7.)

16. The lots Wornick claims were "contaminated" were shipped to Wornick between 10/23/2007 and 12/02/2008 and used in the MREs from 11/13/2007 to 05/19/2009. (Ex. 4 at HCC00683-HCC00684; *see also* Compl. at ¶¶ 45-46.)

17. All of the dairy shakes that Wornick claims were contaminated or impaired were supplied by Trans-Packers. (Ex. 2 at Resp. to Admis. No. 21.)

18. A number of the dairy shakes that Wornick replaced were not a part of the Plainview Recall. (Ex. 2, Resp. to Admis. No. 24.)

19. After the Plainview Recall, Wornick made a claim to HCC for coverage under the Policy. (Compl. ¶¶ 47-48.)

20. HCC denied Wornick's claim. (*See generally* Compl. at ¶¶ 47-52 & Exs. I-J (attached to Compl.).)

21. There have only been two findings of salmonella contamination before, during, or after the Plainview Recall: (1) the finding in Lot #9133 of dairy shake powder at Trans-Packers' facilities in New York on or about May 28, 2009; and (2) the finding on Plainview manufacturing equipment on or about June 19, 2009. (Ex. 2 at Resp. to Interrog. No. 19.)

22. None of the dairy shake product in Lot #9133 was sold to Wornick. (Ex. 2 at Resp. to Admis. No. 15.)

23. None of the product that Wornick re-worked contained dairy shake product from Lot #9133. (Ex. 2 at Resp. to Admis. No. 15.)

24. Trans-Packers manufacturers dairy shakes for customers other than Wornick for use in MREs; consequently, Wornick is only one of Trans-Packers' customers. (Exhibit 2 at Resp. to Admis. Nos. 18-19; Ex. 1 at ¶ 4.)

25. There has been no bodily injury, sickness, disease, or death that resulted from the consumption or use of Wornick's products. (Ex. 2 at Resp. to Admis. No. 11.)

26. Consumption or use of Wornick's products did not result in physical damage to (or destruction of) tangible property, including animals and/or livestock – other than to Wornick's products.

27. Extensive, mandatory testing was performed on the dairy shakes that Wornick assembled and reworked for its customer, the U.S. Military, and none of these dairy shakes have tested positive for salmonella contamination. (Ex. 7; Ex. 8 at MT00162-MT00163, MT00166; Ex. 1 at ¶¶ 7, 15, 17-18.)

28. Hundreds of thousands of dairy shake blends have actually been consumed by U.S. military personnel during the 2-year period covered by the recall and no illnesses have been reported to date. (Ex. 1 at ¶ 18; Compl. at ¶ 43 & Ex. H (attached to Compl.) at PAGEID # 53.)

29. Wornick asserts five sources of PUBLICITY under the policy: (1) Plainview's June 23, 2009 Product Recall, a true and accurate copy of which is attached to the Complaint as Exhibit B; (2) Franklin Farms' June 25, 2009 letter to Trans-Packers, a true and accurate copy of which is attached to the Complaint as Exhibit C; (3) Trans-Packers' June 26, 2009 Product Recall, a true and accurate copy of which is attached to the Complaint as Exhibit D;

(4) ALFOODACT ("AFA") 131 (dated July 1, 2009), a true and accurate copy of which is attached to the Complaint as Exhibit F; and (5) AFA 139 (dated August 12, 2009), a true and accurate copy of which is attached to the Complaint as Exhibit H.  (Ex. 2 at Resp. to Interrog. No. 18; *see also* Exs. B-D, F & H, attached to Compl.)

30. A true and accurate copy of the "full claim submission" that Professional Indemnity Agency, Inc. received from Wornick's Chief Financial Officer, Dustin McDulin, on September 16, 2010 is attached hereto as Exhibit 4.  (Ex. 3 at ¶ 5.)

31. A true and accurate copy of the "Malicious Product Tampering / Accidental Product Contamination" Policy, Policy No. H708-80163 is attached hereto as Exhibit 5.  (Ex. 3 at ¶ 6.)

32. A true and accurate copy of the email that Wornick's Chief Financial Officer, Dustin McDulin, sent to Greg Ronquist on December 28, 2009 is attached hereto as Exhibit 7.  (Ex. 6 at ¶ 3.)

33. A true and accurate copy of the September 4, 2009 letter from Wornick's attorney at Dinsmore & Shohl LLP that was sent to James Lecollier, Defense Logistics Agency, Defense Supply Center Philadelphia, 700 Robbins Avenue, Bldg. 6, Philadelphia, PA 19111-5092 is attached hereto as Exhibit 8.  (Ex. 6 at ¶ 3.)

Respectfully submitted,

*s/ Kevin M. Young*
Kevin M. Young (0029715)
Karl A. Bekeny (0075332)
Jesse W. Thomas (0085253)
TUCKER ELLIS LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
Telephone:   216.592.5000
Facsimile:    216.592.5009
E-mail:         kevin.young@tuckerellis.com
                     karl.bekeny@tuckerellis.com
                     jesse.thomas@tuckerellis.com

*Attorneys for Defendant*
*Houston Casualty Company*

1525190