IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE WORNICK COMPANY, | ) | CASE NO. 1:11-CV-391 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SUSAN J. DLOTT |
| | ) | |
| v. | ) | **DEFENDANT HOUSTON CASUALTY** |
| | ) | **COMPANY'S RESPONSE TO** |
| HOUSTON CASUALTY COMPANY, | ) | **PLAINTIFF'S NOTICE OF** |
| | ) | **SUPPLEMENTAL AUTHORITY** |
| Defendant. | ) | |

Plaintiff The Wornick Company is selective in picking and choosing language from the

Accidental Product Contamination Policy that suits its arguments for coverage, but with its

"supplemental authority" Wornick goes a step further by introducing a completely different type

of policy.[1]  *Netherlands Ins. Co. v. Main St. Ingredients, LLC*, 2013 WL 101876 (D. Minn. Jan.

8, 2013).   A commercial general liability policy, which is designed to protect business

organizations against liability claims for bodily injury and property damage, is very different

from a first party Accidental Product Contamination Policy, designed to protect the

policyholder's manufacturing process.   This critical distinction, which is embodied in the

language of the two policies, makes *Netherlands* irrelevant to the analysis of this case,

notwithstanding the other problems with the reasoning that it employed.

---

[1] This contrasts sharply with the numerous cases that Defendant Houston Casualty Company has cited to, cases
which are on point, and address the same type of policy.  *See, e.g.*, *Ruiz Food Products, Inc. v. Catlin Underwriting
U.S., Inc.*, 2012 WL 4050001, *14-*15 (E.D. Cal. Sept. 13, 2012); *Little Lady Foods, Inc. v. Houston Cas. Co.*, 819
F. Supp. 2d 759, 764 (N.D. Ill. 2011); *Caudill Seed & Warehouse Co., Inc. v. Houston Cas. Co.*, 835 F. Supp. 2d
329, 332 & 336 (W.D. Ky. 2011).

Far from being helpful, Wornick's "Notice" is simply one more attempt to rewrite the Accidental Product Contamination Policy that it purchased.  This attempted rewriting is underscored by Wornick's efforts to connect *Netherlands* to the language of the Accidental Product Contamination Policy.  In particular, Wornick states that: "[u]nder the policy that HCC sold to Wornick, 'Accidental Production Contamination' is broadly defined as 'impairment . . . of the Named Insured's PRODUCTS (including their ingredients or components).'"  (Doc. 31, Notice Supp. Authority, at PAGEID#: 822.)  This one sentence encapsulates the fundamental flaw that runs throughout Wornick's briefing:  this is not the definition of Accidental Product Contamination.  Rather, Accidental Product Contamination is:

> (1) any accidental or unintentional contamination, impairment or mislabeling (including mislabeling of instructions for use) during the manufacture, blending, mixing, compounding, packaging, labeling, preparation, production or processing (or storage on the premises of the Named Insured) of the Named Insured's PRODUCTS (including their ingredients or components), or PUBLICITY implying such, or

> (2) fault in design specification or performance of the Named Insured's PRODUCT(S)

> provided always that the consumption or use of the Named Insured's CONTAMINATED PRODUCT(S) has, within 120 days of such consumption or use, either resulted, or may likely result, in: (1) physical symptoms of bodily injury, sickness or disease or death of any person(s) and/or (2) physical damage to (or destruction of) tangible property, including animals and/or livestock – other than PRODUCT(S) of the Named Insured.

 (*See* Doc. 20-3, Ex. 5, Section 2, Definitions, at PAGEID#: 209.)  Of course, this definition must be read as a whole, not only to give context and meaning to the terms "contamination" and "impairment," but also to understand the requirements that Wornick must meet to establish coverage.  And, indeed, when the correct definition is applied, it is apparent that Wornick's reliance on *Netherlands*, like the rest of Wornick's briefing, misses the mark.

For these, and the other reasons articulated in HCC's briefs, HCC requests that the court grant its Motion for Summary Judgment and deny Wornick's Motion for Partial Summary Judgment.

Respectfully submitted,

*s/ Kevin M. Young*
Kevin M. Young (0029715)
Karl A. Bekeny (0075332)
Jesse W. Thomas (0085253)
TUCKER ELLIS LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
Telephone:  216.592.5000
Facsimile:  216.592.5009
E-mail:      kevin.young@tuckerellis.com
             karl.bekeny@tuckerellis.com
             jesse.thomas@tuckerellis.com

*Attorneys for Defendant*
*Houston Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2013 a copy of **Defendant Houston Casualty Company's Response to Plaintiff's Notice of Supplemental Authority** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Respectfully submitted,


*s/ Kevin M. Young*
Kevin M. Young (0029715)
Karl A. Bekeny (0075332)
Jesse W. Thomas (0085253)
TUCKER ELLIS LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
Telephone:  216.592.5000
Facsimile:  216.592.5009
E-mail:       kevin.young@tuckerellis.com
                    karl.bekeny@tuckerellis.com
                    jesse.thomas@tuckerellis.com


*Attorneys for Defendant*
*Houston Casualty Company*

1607343